**UNITED STATES of America, Appellee,**

v.

**David VELASQUEZ, Defendant–Appellant.**

**Docket No. 97–1305.**

United States Court of Appeals, Second Circuit.

Argued Jan. 6, 1998.

Decided Feb. 17, 1998.

Nicole A. LaBarbera and Richard D. Owens, Assistant United States Attorneys (Mary Jo White, United States Attorney, Southern District of New York), New York City, for Appellee.

Steven M. Statsinger, The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York City, for Defendant–Appellant.

Before: KEARSE and JACOBS, Circuit Judges, and MISHLER, District Judge.*

PER CURIAM.

Appeal from the May 21, 1997 judgment of conviction in the United States District Court for the Southern District of New York (John F. Keenan, *Judge*) sentencing the defendant to a term of 71 months on his plea of guilty to a firearms charge, said sentence to run consecutively to a previous undischarged state imposed sentence. Appellant contends that the sentence should run concurrently with the state imposed sentence. We disagree and affirm.

## BACKGROUND

On September 6, 1996, appellant David Velasquez was charged in an indictment with seven counts stemming from the sale of handguns, silencers and ammunition to an undercover agent of the Bureau of Alcohol, Tobacco and Firearms. On December 6, 1996, Velasquez pled guilty to Count Seven pursuant to the terms of a written plea agreement. Count Seven charged Velasquez with possessing firearms and ammunition in violation of 18 U.S.C. § 922(g), Velasquez having previously been convicted of a felony. In the plea agreement, the parties stipulated to an offense level of 21 and a criminal history category of IV. This carried a sentencing guideline range of 57 to 71 months. The plea agreement provided that Velasquez could not appeal a sentence below or within the guideline range; however, it was also agreed "that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation." The plea agreement did not address whether sentencing on Count Seven would be consecutive to or concurrent with any other undischarged previous sentence. After the plea agreement was entered into, but before Velasquez was sentenced on his plea of guilty to Count Seven, Velasquez was sentenced to 18 to 36 months in state court on an unrelated charge of attempted grand larceny.

In a letter to the district court dated May 14, 1997 and prior to sentencing, Velasquez moved for a downward departure based on other grounds and also requested that the district court order any federal sentence to

---

* Hon. Jacob Mishler, of the United States District Court for the Eastern District of New York, sitting by designation.

run concurrently to the state sentence. At the sentencing hearing on May 21, 1997, defense counsel again requested that the federal sentence run concurrently to the undischarged state sentence. During the hearing, the district court and defense counsel discussed how the time would be served for the state and federal crimes.

The district court, however, sentenced Velasquez to imprisonment for 71 months and ordered the sentence to run consecutively to the then undischarged state sentence. In so doing, the district court noted that Velasquez exhibited conduct which was deserving of punishment and incarceration and that it considered the state and federal crimes as separate crimes. Judge Keenan concluded by stating that "[t]he purpose of my sentence is to punish this defendant and to deter him in the future from committing additional criminal activity." He also warned Velasquez that any future crimes could result in Velasquez spending 15 years to life in jail.

### DISCUSSION

On appeal, Velasquez claims that the district court failed to properly consider the factors enumerated in the Commentary to U.S.S.G. § 5G1.3, the applicable guideline. The government argues that Velasquez waived his right to appeal the imposition of a consecutive sentence because he failed to object during sentencing.[1] Additionally, the government argues that such factors were properly considered by the district court. We address the claim of waiver first.

### Waiver

■ Objections regarding sentencing must be raised in the trial court prior to appeal. If they are not, they "will be deemed waived on appeal in the absence of '[p]lain errors or defects affecting substantial rights.'" *United States v. Keppler*, 2 F.3d 21, 23 (2d Cir.1993)(quoting Fed.R.Crim.P. 52(b)). The government claims that Velasquez waived any objection to the imposition of the federal sentence consecutive to an undischarged state sentence because he did

not object at the time of sentencing. We disagree.

Velasquez clearly objected to the imposition of a consecutive sentence. In the May 14, 1997 letter, defense counsel requested that the court impose a concurrent sentence. Counsel also urged the court to impose a concurrent sentence during the sentencing hearing. We find that Velasquez objected to the imposition of a consecutive sentence and preserved the issue for appeal.

### *Imposition of the Consecutive Sentence*

■ We turn now to whether the imposition of the consecutive sentence in this instance was appropriate. A district court's application of a sentencing guideline to the facts will not be overturned absent an abuse of discretion. *See United States v. Trupin*, 117 F.3d 678, 688 (2d Cir.1997), *cert. denied*, — U.S. —, 118 S.Ct. 699, 139 L.Ed.2d 643 (1998). We therefore join a number of other circuits that have adopted an abuse of discretion standard for reviewing sentencing decisions under § 5G1.3(c). *See, e.g., United States v. Kikuyama*, 109 F.3d 536, 538–39 (9th Cir.1997); *United States v. Plantan*, 102 F.3d 953, 957–58 (7th Cir.1996); *United States v. Richardson*, 87 F.3d 706, 709 (5th Cir.1996)(per curiam); *United States v. McCarthy*, 77 F.3d 522, 538–39 (1st Cir.1996), *cert. denied*, — U.S. —, 117 S.Ct. 771, 136 L.Ed.2d 717 (1997). Furthermore, we review the district court's legal interpretation of the guidelines *de novo* and determinations as to the facts for clear error. *See United States v. Lagatta*, 50 F.3d 125, 127 (2d Cir.1995).

■ Velasquez argues that the district court abused its discretion in imposing a consecutive sentence without adequately considering the factors required under § 5G1.3(c) and the Commentary to the guideline and by not making individualized findings with respect to the facts of his case. Velasquez asserts that the only reason the district court offered for requiring a consecu-

---

1. Nothing in the plea agreement could be construed as a waiver of this issue on appeal and we note that the government does not argue waiver by virtue of Velasquez having entered the plea agreement.

tive sentence was its belief that separate crimes deserved separate time.

Section 5G1.3(c) reads as follows:

(Policy Statement) . . . [T]he sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

Application Note 3 of the Commentary to § 5G1.3 states that "[t]o achieve a reasonable punishment and avoid unwarranted disparity, the court should consider the factors set forth in 18 U.S.C. § 3584 (referencing 18 U.S.C. § 3553(a))." The § 3553(a) factors include:

(2) the need for the sentence imposed-

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Application Note 3 also lists four additional factors of which courts should be "cognizant":

(a) the type (e.g., determinate, indeterminate/parolable) and length of the prior undischarged sentence;

(b) the time served on the undischarged sentence and the time likely to be served before release;

(c) the fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and

(d) any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

Nothing in the language of the guideline or its Commentary requires district courts to make specific findings with respect to any or all of the factors listed in the Commentary or § 3553(a). Indeed, the present version of § 5G1.3(c), which became effective in 1995 and hence was applicable to Velasquez, states that "the sentence . . . may be imposed to run . . . consecutively" (U.S.S.G. § 5G1.3(c) (Nov.1997)) and thus, provides district courts with more discretion than the previous version of the guideline which required that "the sentence . . . shall be imposed to run consecutively . . . to the extent necessary to achieve a reasonable incremental punishment for the instant offense." (U.S.S.G. § 5G1.3 (Nov. 1994)).

Moreover, a review of reported Second Circuit cases involving the prior version of § 5G1.3(c) reveals that we acknowledged the district court's discretion with respect to the application of a consecutive sentence and refused to require that the district courts follow any particular "formula or incantation" in making this determination. *See United States v. Margiotti,* 85 F.3d 100, 105 (2d Cir.)(per curiam), *cert. denied,* —— U.S. ——, 117 S.Ct. 324, 136 L.Ed.2d 238 (1996); *United States v. Whiteley,* 54 F.3d 85, 90 (2d Cir.1995); *United States v. Lagatta,* 50 F.3d 125, 128 (2d Cir.1995).

Additionally, the most recent amendments to the guideline in 1995 intended to "afford[ ] the sentencing court additional flexibility to impose, as appropriate, a consecutive, concurrent, or partially concurrent sentence in order to achieve a reasonable punishment for the instant offense." U.S.S.G. Appendix C, amendment no. 535 at 370 (Nov.1997). Thus, the current guideline allows judges even more discretion in this area.[2]

▮ In light of the above discussion, Velasquez's contention that the district court was required to make individualized findings in his case is without merit. We hold that there is no requirement for district court judges to make individualized findings with respect to the application of § 5G1.3(c).

▮ The record also supports a finding that the district court properly considered

---

**2.** With regard to sentencing in general, we noted in *United States v. Rivers,* 50 F.3d 1126, 1131 (2d Cir.1995), that "the assumption that the judge exercised available discretion can normally be made, whether or not the judge expressly so stated."

the factors required by the Guidelines. Judge Keenan noted the seriousness of the crime and the need for deterrence and rehabilitation (§ 3553(a)(2)(A),(B) and (D)). The judge also discussed with defense counsel how the sentences would be discharged, evidencing consideration of factors (b) and (c) of Application Note 3.

Under the previous version of the rules, the district court's statements illustrate adequate consideration of the relevant factors. *See, e.g., United States v. Lagatta,* 50 F.3d 125, 127 (2d Cir.1995) (consecutive sentence imposed to prevent "free ride" for another serious crime); *United States v. Richardson,* 87 F.3d 706, 711 (5th Cir. 1996)(per curiam) (district court's statement that it considered the sentencing objectives of punishment and deterrence implied that the court made a general consideration of all of the § 3553(a) factors). Since the current version was intended to afford additional flexibility to district court judges, Judge Keenan's statements likewise show consideration of the relevant factors. Velasquez failed to show that the district court abused its discretion.

The judgment of conviction is affirmed.