UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

CHRISTOPHER LAVETTE COLEMAN,
  *Defendant-Appellant.*

No. 00-4480

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Robert D. Potter, Senior District Judge.
(CR-99-199-P)

Submitted: April 6, 2001

Decided: April 23, 2001

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Charles Linwood Morgan, Jr., Charlotte, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Douglas Cannon, Special Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Christopher Lavette Coleman appeals the district court's determination under § 5G1.3(c) of the *United States Sentencing Guidelines Manual* (2000) that his 36 month sentence for violations of 18 U.S.C.A. § 876(3) (West 1994) be served consecutively to several sentences for unrelated state charges that Coleman is currently serving. We have reviewed the briefs and materials provided in the joint appendix and, for the following reasons, we affirm.

On appeal, Coleman argues the district court failed to adequately consider all of the factors relevant to the determination of whether or not Coleman's federal sentences should be served consecutively to, or concurrently with, his undischarged state sentences. In particular, Coleman argues the district court failed to explicitly consider 18 U.S.C.A. §§ 3553(a)(2), (5) (West 2000) in reaching its decision. *See* § 5G1.3 n.3 (incorporating § 3553(a) by reference). However, as a preliminary matter, district courts are not obliged to explicitly consider the factors of § 3553(a) in applying § 5G1.3(c). *See United States v. Velasquez*, 136 F.3d 921, 924 (2d Cir. 1998); *cf. United States v. Legree*, 205 F.3d 724, 728-29 (4th Cir. 2000) (holding that when considering a motion for sentence reduction a district court need not ritualistically discuss factors enumerated in 18 U.S.C.A. § 3553(a)); *United States v. Johnson*, 138 F.3d 115, 119 (4th Cir. 1998) (holding that in non-departure cases there is a presumption, absent a "contrary indication," that a district court considered the factors enumerated in 18 U.S.C.A. § 3553(a)). Moreover, our review of the sentencing hearing transcript indicates that the district court adequately considered the factors in § 3553(a)(2) in reaching its decision. Finally, we note that § 5G1.3(c) is a qualifying policy statement for the purposes of § 3553(a)(5), and that the district court explicitly considered this statement in deciding to impose a consecutive sentence.

Accordingly, we affirm Coleman's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*