# UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

JAMES A. HINES,
          *Defendant-Appellant.*

No. 01-4119

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CR-00-282-MJG)

Submitted: September 28, 2001

Decided: November 5, 2001

Before WILKINS, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

James Wyda, Federal Public Defender, Beth Farber, Assistant Federal
Public Defender, Andrea Dennis Callaman, Assistant Federal Public
Defender, Baltimore, Maryland, for Appellant. Stephen M. Schen-
ning, United States Attorney, James H. Green, Special Assistant
United States Attorney, Philip S. Jackson, Assistant United States
Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

James A. Hines was convicted of one count of possession of a firearm by a convicted felon, 18 U.S.C.A. § 922(g) (West 2000). Hines now appeals his conviction and his forty-four month sentence. We affirm.

### I

Baltimore City Police Officer Todd Stahm testified that he and his partner, Christopher Timms, were in an unmarked police car when Timms directed Stahm's attention to Hines, who was walking towards the officers' unmarked police car. Stahm and Timms observed a bulge in Hines' front waist area. Hines looked in the officers' direction, stopped, patted the area, and began walking in the opposite direction. Stahm followed Hines in the car, caught up with him, and asked him whether he had anything on him. Instead of answering, Hines fled. Stahm pursued Hines on foot through an alley. While in the alley, Stahm observed Hines retrieve a handgun from his waistband and toss the gun away. After he tackled Hines, Stahm radioed his location to Timms. Timms arrived almost immediately and took control of Hines. Stahm then went into the alley and found the gun.

Timms testified next, reiterating Stahm's testimony. Timms said that he told Stahm he would take charge of Hines, and "Todd said to me he threw a gun." Defense counsel objected to this statement as hearsay. The district court sustained the objection and cautioned the jury not to consider Timms' testimony about what Stahm had told him. During cross-examination, defense counsel asked a question intended to determine how much time elapsed between Timms' and other officers' arrival at the scene and Stahm's leaving to retrieve the gun. Timms replied, "Todd said, he threw the gun right back there. He left directly after that. It was a matter of seconds." Counsel did not object, but later moved for a mistrial. The court denied the motion.

The parties stipulated that Hines was a convicted felon and that the firearm had traveled in interstate commerce. The jury returned a guilty verdict, and the district court sentenced Hines to forty-four months in prison, to be served consecutively to a state sentence Hines was serving at the time of sentencing. Hines now appeals both his conviction and sentence, contending that Timms' second statement about what Stahm told him was inadmissible hearsay so prejudicial as to have infected the entire trial. He also contends that his sentence should have run concurrently with the state sentence.

II

Both present sense impressions and excited utterances are exceptions to the general rule against hearsay, even if the declarant is available as a witness. Fed. R. Evid. 803(1), (2). Timms' testimony about Stahm's statement, which was made under the stress of a foot pursuit and apprehension and almost immediately after Stahm saw Hines toss the gun, was admissible under both of these exceptions to the hearsay rule. *See United States v. Jackson*, 124 F.3d 607, 618 (4th Cir. 1997). Further, even if the statement was inadmissible hearsay, no mistrial was required. In light of Stahm's detailed testimony and the stipulations, Timms' testimony could not have improperly influenced the jury. *See United States v. Brooks*, 111 F.3d 365, 371 (4th Cir. 1997) (stating standard for granting mistrial based on improperly admitted evidence).

III

Hines contends that the district court should have directed that his sentence run concurrently with, rather than consecutive to, a state sentence that he was serving at the time. First, the district court was obligated under the sentencing guidelines to impose a consecutive sentence. *U.S. Sentencing Guidelines Manual* § 5G1.3, cmt. n.6 (2000). Further, we are satisfied from our review of the sentencing transcript that the court sufficiently addressed the factors identified at 18 U.S.C.A. § 3553(a) (West 2000). For instance, the court was cognizant of its sentencing options under applicable statutes and guidelines and was familiar with the facts of this case, Hines' criminal past, and his twice having violated state supervision. The court determined that this was an average felon-in-possession case, warranting a sen-

tence in the middle of the guideline range. We note that district courts are not required to make specific findings as to each of the § 3553(a) factors. *United States v. Johnson*, 138 F.3d 115, 119 (4th Cir. 1998); *United States v. Velasquez*, 136 F.3d 921, 924 (2d Cir. 1998).

## IV

We therefore affirm Hines' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

*AFFIRMED*