**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

LEON BALLENTINE, a/k/a Charles
Edward Oats, a/k/a Charles Dotson,
a/k/a Leon Valentine,
            *Defendant-Appellant.*

No. 01-4224

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-96-147)

Submitted: October 31, 2001

Decided: November 19, 2001

Before LUTTIG, MOTZ, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

John A. Gibney, Jr., SHUFORD, RUBIN & GIBNEY, P.C., Rich-
mond, Virginia, for Appellant. Kenneth E. Melson, United States
Attorney, Michael C. Wallace, Assistant United States Attorney,
Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Leon Ballentine appeals the eighteen-month sentence imposed upon the revocation of his supervised release. We affirm.

Ballentine conceded at his revocation proceeding that he had committed the charged Grade C supervised release violations. The district court then revoked his release. The court acknowledged that Ballentine's guideline range under *U.S. Sentencing Guidelines Manual* §§ 7B1.3, p.s., 7B1.4, p.s. (2000) was seven to thirteen months. However, the court imposed an eighteen-month sentence, less than the statutory maximum of twenty-four months to which Ballentine was subject. *See* 18 U.S.C.A. § 3583(e)(3) (West 2000). The court imposed the sentence because of Ballentine's prior criminal history, prior conduct, and conduct on supervised release.

Ballentine's argument on appeal is that the district court gave insufficient reasons for the sentence imposed. Because Ballentine did not raise this claim at the revocation proceeding, we review his claim for plain error. *See United States v. Olano*, 507 U.S. 725, 731-32 (1993).

We have held that "Chapter 7's policy statements are . . . nonbinding, advisory guides to district courts in supervised release proceedings." *United States v. Davis*, 53 F.3d 638, 642 (4th Cir. 1995). A district court therefore may exercise its discretion and sentence a defendant, whose release has been revoked and who is subject to incarceration, to a prison term outside the recommended guideline range set forth in USSG § 7B1.4, p.s., up to the applicable statutory maximum. *Id.* Further, a sentence outside the recommended range does not constitute a departure that might warrant a detailed explanation for the sentence imposed. *Id.* at 642 n.15. Here, the district court committed no error under the guidelines when sentencing Ballentine.

*See generally id.* at 642 (stating "court need not engage in ritualistic incantation in order to establish its consideration of a legal issue").

We are also satisfied that the district court adequately addressed the sentencing factors set forth at 18 U.S.C.A. § 3553(a) (West 2000). When imposing a sentence, the district court is not obligated "to make specific findings with respect to any or all of the factors listed in . . . § 3553(a)." *United States v. Velasquez*, 136 F.3d 921, 924 (2d Cir. 1998).

We therefore affirm Ballentine's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

*AFFIRMED*