**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                        No. 03-4380

DARRICK KENT MCKAYHAN,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Senior District Judge.
(CR-92-2-1)

Submitted: January 30, 2004

Decided: April 7, 2004

Before LUTTIG and SHEDD, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Thomas P. McNamara, Federal Public Defender, Edwin C. Walker, First Assistant Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

In 1992, Darrick K. McKayhan pled guilty to possession with intent to distribute cocaine base, 21 U.S.C. § 841 (2000), and possession of a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c) (2000). He received a 78-month sentence and a consecutive 60-month sentence, respectively. The court also imposed a five-year term of supervised release. McKayhan was released on January 2, 2002. In April 2003, his probation officer filed a motion for revocation of McKayhan's supervised release. After holding a hearing, of the seven alleged violations, the district court found that McKayhan had violated six conditions of his supervised release. Stating that it had considered the Chapter Seven policy statements and the recommended guideline range of five to eleven months, the court revoked McKayhan's supervised release and imposed a 24-month sentence. We affirm the sentence.

On appeal, McKayhan argues that the sentence imposed was unreasonable under the facts of his case and in light of the policy statements set forth in *U.S. Sentencing Guidelines Manual* § 7B1.4 (2002). He further maintains that the court failed to consider the relevant statutory factors under 18 U.S.C. § 3553(a) (2000) and to set forth its reasoning.

We review an order imposing a sentence after revocation of supervised release for abuse of discretion. *United States v. Davis*, 53 F.3d 638, 642-43 (4th Cir. 1995). Chapter Seven of the U.S. Sentencing Guidelines Manual sets forth policy statements offering recommended sentencing ranges for revocation of probation and supervised release. Chapter Seven is advisory and non-binding. *Id.* at 642. However, the court should consider the policy statements before imposing sentence. *Id.* If the court has considered the relevant factors and the applicable policy statements, the court has the discretion to impose a

sentence outside the ranges set forth in the Guidelines. *Id.* Because the district court was presented with and explicitly considered the suggested sentencing range of USSG § 7B1.4, and McKayhan's sentence does not exceed the statutory maximum under 18 U.S.C. § 3583 (2000), we find no abuse of discretion in McKayhan's sentence.

To the extent that McKayhan alleges that the court failed to consider the sentencing factors set out in 18 U.S.C. § 3553(a), and to explain its reasoning, this claim is reviewed for plain error as he did not raise it below. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 733-37 (1993). Based on our review of the hearing transcript, we find that consideration of the sentencing factors was implicit in the court's imposition of the sentence. Nothing in the statute or in the Federal Rules of Criminal Procedure requires the court to state on the record that it considered each of the factors contained in 18 U.S.C. § 3553(a). Moreover, although the Sixth Circuit has held that a district court should at least provide some explanation for imposing a sentence which exceeds the range recommended by USSG § 7B1.4,* this court has never imposed such a requirement. *Davis*, 53 F.3d at 642 (stating "[a] court need not engage in ritualistic incantation in order to establish its consideration of a legal issue"); *see also United States v. Velasquez*, 136 F.3d 921, 924 (2d Cir. 1998) (observing that district courts are not obligated "to make specific findings with respect to any or all of the factors listed in . . . § 3553(a)").

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*

---

*\*United States v. McClellan*, 164 F.3d 308, 310 (6th Cir. 1999).