**UNITED STATES of America,**
**Appellee,**

v.

**Alex ARRINGTON, Defendant–**
**Appellant.**

**Docket No. 03–1122.**

United States Court of Appeals,
Second Circuit.

April 13, 2004.

Paul J. Angioletti, Staten Island, NY, for Appellant.

Amy K. Orange, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Gary Stein, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

PRESENT: WALKER, Chief Judge, OAKES, and STRAUB, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Alex Arrington appeals from a judgment of conviction entered on February 28, 2003 in the United States District Court for the Southern District of New York (Kevin Thomas Duffy, *Judge* ). Arrington pled guilty on November 20, 2002 to one count of bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and was sentenced on February 27, 2003 to 180 months of imprisonment, three years of supervised release, restitution in the amount of $1,000, and a $100 special assessment. The district court ordered that Arrington's term of incarceration run consecutively to two New York state sentences that he had received in connection with two other bank robberies. Arrington argues that the district court's refusal to allow his federal sentence to run concurrently with his state sentences constituted an abuse of discretion. We affirm.

Because Arrington's state convictions were not "fully taken into account in the determination of the offense level" for his federal conviction, the district court was not required to impose a sentence that ran concurrently with Arrington's state sentences. *See* U.S.S.G. § 5G1.3(b) (2002). Instead, as Arrington concedes, the court had the discretion, under U.S.S.G. § 5G1.3(c), to impose a sentence that would "run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." In exercising this discretion, district courts are directed to consider a number of factors, which are set forth in 18 U.S.C. § 3553(a) and Application Note 3 of the Commentary to § 5G1.3. But "[n]othing in the language of the guideline or its Commentary requires district courts to make specific findings with respect to any or all of the factors listed in the Commen-

tary or § 3553(a)." *United States v. Velasquez*, 136 F.3d 921, 924 (2d Cir.1998).

Having reviewed the record of Arrington's sentencing proceedings, we are satisfied that the district court was cognizant of and adequately considered the relevant factors in imposing its sentence. Accordingly, we find no abuse of discretion.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED**.