**UNITED STATES of America,**
**Appellee,**

v.

**Jeracio NAVARRO, Defendant–**
**Appellant.**

**No. 05–1633–CR.**

United States Court of Appeals,
Second Circuit.

Dec. 30, 2005.

Philip L. Weinstein, Legal Aid Society Federal Defender Division Appeals Bureau, New York, NY, for Appellant.

Maria E. Douvas, Assistant United States Attorney, (Karl Metzner, Assistant United States Attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief) New York, NY, for Appellee.

Present: Rosemary S. POOLER, Robert A. KATZMANN and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court is **AFFIRMED.**

Appellant contends that in imposing his sentence the district court did not adequately understand or consider the requirement of 18 U.S.C. § 3553(a) that his sentence be "sufficient but no greater than necessary." We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

In determining whether a district court has adequately complied with the requirement to consider the factors listed in 18 U.S.C. § 3553(a), we have generally eschewed "specific verbal formulations" and held that "[a]s long the judge is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance, we will accept that the requisite consideration has occurred." *United States v. Fleming,* 397 F.3d 95, 100 (2d Cir.2005); *see also United States v. Velasquez,* 136 F.3d 921, 924–25 (2d Cir.1998). However, where "the judge's sentencing remarks create ambiguity as to whether the judge correctly understood an available option," we will generally remand for reconsideration. *United States v. Thorpe,* 191 F.3d 339, 342 (2d Cir.1999).

In this case, it is clear Navarro could not have challenged whether the judge considered the § 3553(a) factors based on the original sentencing hearing alone. However, he contends the district court's comments in attempting to resentence him create ambiguity about whether the judge had initially understood the requirement that the sentence be "sufficient but no greater than necessary." 18 U.S.C. § 3553(a). We cannot agree. This provision was pointed out to the court prior to the original sentencing, and the judge's comments at that hearing indicate that she considered a lower sentence as well as all § 3553(a) factors. Furthermore, the district court has made no comment indicating that the attempt to resentence was based on a previous misunderstanding of § 3553(a) rather than a mere change of heart. A change of heart is not a permissible ground for altering a sentence under Fed.R.Civ.P. 35(a). As this Court explained in *United States v. Abreu–Cabrera,* 64 F.3d 67, 69 (2d Cir.1995), a sentencing court may not change an imposed sentence "simply because further reflection has caused [the district court] to have a change of heart." Therefore Navarro's claim is without merit.

Based on the foregoing, the judgment of the district court is AFFIRMED.