**UNITED STATES of America,**
**Appellee,**

v.

**Francisco MORALES, Defendant–**
**Appellant.**

No. 05–4146–cr.

United States Court of Appeals,
Second Circuit.

Nov. 6, 2007.

Michael Q. English, Assistant United States Attorney, for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Henry E. Mazurek, New York, NY, for Defendant–Appellant.

Present: THOMAS J. MESKILL,[1] ROGER J. MINER, and ROSEMARY S. POOLER, Circuit Judges.

**SUMMARY ORDER**

Morales, who stands convicted upon a guilty plea of two counts of conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) & (a)(2), appeals from the part of the judgment of conviction entered in the United States District Court for the Southern District of New York (Carter, *J.*) that sentenced him to two terms of one hundred and twenty months' imprisonment each, to be served consecutively. Morales was sentenced to the term recommended by the Guidelines. Morales submits that he is entitled to re-sentencing on the ground that the sentence was unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and specification of appellate issues, which we refer to only as necessary to explain our decision to affirm.

In his plea agreement, Morales agreed that he would "not file a direct appeal ... [from] any sentence at or below the Stipulated Sentence ... (20 years)." In his timely appeal, Morales argued (1) that the sentencing judge failed to proffer any legitimate reasons for the sentence he imposed, including the reasons for imposing a consecutive sentence; and (2) that the sentencing judge failed to consider the Section 3553(a) factors. The government moved to dismiss the appeal on the ground that it was barred by the valid appellate waiver. On October 12, 2006, this Court granted in part and denied in part the government's motion. The Court ruled that Morales's appeal is barred to the extent that he argues that the sentencing judge failed adequately to explain the reasons for the sentence imposed. However, the Court

1. The Honorable Thomas J. Meskill, who was originally assigned to the panel, died before oral argument. The remaining two members of the panel, who are in agreement, decide this case in accordance with Second Circuit Local Rule 0.14(b).

ordered additional briefing on whether the appellate waiver applied to Morales's challenge to the imposition of consecutive sentences. We now hold that it does. Morales relies on several cases in which this Court held that an appellate waiver did not encompass the defendant's challenge to the imposition of consecutive sentences. In each of the cases upon which Morales relies, however, the intent of the parties was ambiguous, because the agreement did not specify whether the sentence would run concurrently or consecutively to another sentence. *See, e.g., United States v. Williams,* 260 F.3d 160, 166 (2d Cir.2001) (noting that "the bargain [wa]s silent about whether the parties intended the sentences to run concurrently or consecutively"); *United States v. Velasquez,* 136 F.3d 921, 922 (2d Cir.1998). Here there is no such ambiguity. Morales pleaded guilty to two counts in the indictment, each of which carried a statutory maximum of ten years' imprisonment. Hence, by agreeing not to appeal any sentence at or below twenty years' imprisonment, Morales was necessarily agreeing not to appeal the imposition of consecutive sentences. Thus, the appellate waiver bars Morales's argument that the sentencing court failed adequately to explain its reasons for running the sentences consecutively. *See United States v. Yemitan,* 70 F.3d 746, 748 (2d Cir.1995).