09-2908-cr
USA v. Slutzkin

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of June, two thousand ten.

PRESENT:

        JOSEPH M. McLAUGHLIN,
        GUIDO CALABRESI,
        DEBRA ANN LIVINGSTON,
                *Circuit Judges*.

_____

United States of America,

    *Appellee*,

    v.                                    09-2908-cr

Brian Slutzkin, also known as Yayo,

    *Defendant-Appellant*.

_____

FOR APPELLANT:   JAMIE E. ALOSI, Law Offices of Jamie E. Alosi, New Haven, CT

FOR APPELLEE:   CHRISTOPHER M. MATTEI, Assistant United States Attorney (WILLIAM J. NARDINI, Assistant United States Attorney, of counsel, *on the brief*) *for* NORA R. DANNEHY, United States Attorney, District of Connecticut

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant-Appellant Brian Slutzkin appeals from a June 26, 2009 judgment of the United States District Court for the District of Connecticut (Bryant, *J.*), sentencing him principally to 84 months' imprisonment to run consecutively to a state sentence. We assume the parties' familiarity with the underlying facts, procedural history, and the issues on appeal.

## I.   *Background*

Between August 2007 and November 2, 2007, Slutzkin engaged in a series of transactions with Thomas Farruggio in which Slutzkin provided cocaine to Farruggio in exchange for firearms. On November 2, 2007, at approximately 9:00 p.m., Slutzkin was involved in an unrelated altercation with Jamie and Michael Wright in which Slutzkin, apparently as the result of a road rage incident, fired three shots in the Wrights' direction. After a high-speed chase, Slutzkin was apprehended by the Middletown, Connecticut police and the Wrights identified him as the shooter. Slutzkin thereafter was arrested and taken into custody. On November 5, 2007, pursuant to a search warrant, the truck Slutzkin was driving during the November 2 incident was searched and officers seized a Glock .357 caliber pistol and 15.7 grams of cocaine base.

As a result of the November 2 road rage incident, Slutzkin was charged with two counts of Criminal Attempt to Commit Assault in the 1st Degree and one count of Carrying a Pistol Without a Permit, both in violation of Connecticut statutes. Slutzkin was convicted of these charges on October 7, 2008, and, on December 18, 2008, in Connecticut Superior Court, he was sentenced to ten years' imprisonment on each of the attempted assault counts and two years' imprisonment on the pistol permit count, all counts to run concurrently.

On March 13, 2009, Slutzkin appeared in the United States District Court for the District of Connecticut, waived his right to indictment, and, pursuant to a plea agreement, pled guilty to a one-count Information charging him with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). A Presentence Report ("PSR") submitted in advance of sentencing calculated Slutzkin's base offense level as 24, resulting in a total offense level of 23 after addition of two points for possession of a dangerous weapon and subtraction of three points for acceptance of responsibility. The PSR calculated Slutzkin's criminal history category as V, which included three criminal history points for the state court sentence imposed on December 18, 2008 and two points for commission of the federal offense while Slutzkin was on probation. This resulted in a recommended Sentencing Guidelines range of 84-105 months' imprisonment. On June 26, 2009, Slutzkin appeared in district court, where Judge Vanessa Bryant adopted the PSR's Guidelines calculation and sentenced Slutzkin principally to 84 months' imprisonment followed by five years of supervised release to run consecutively to his December 18, 2008 state sentence. Slutzkin timely appealed the district court's judgment to this Court.

## II.    Discussion

On appeal, Slutzkin advances three challenges to his sentence: (1) it was error to add three criminal history points for the December 2008 state sentence pursuant to U.S.S.G. § 4A1.1(a); (2) it was error to add two criminal history points for commission of the instant federal offense while on probation pursuant to U.S.S.G. § 4A1.1(d); and (3) the district court improperly imposed consecutive, rather than concurrent, sentences pursuant to U.S.S.G. § 5G1.3. For the following reasons, we reject all of Slutzkin's arguments and affirm the judgment of the district court.

This Court reviews sentences for both procedural and substantive reasonableness. *United States v. Jones*, 531 F.3d 163, 170 (2d Cir. 2008). Failure to calculate, or improperly calculating, the Guidelines range, treating the Guidelines range as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence and any deviation from the Guidelines range can render a sentence procedurally unreasonable. *Id.* We review the district court's interpretation of the Sentencing Guidelines *de novo* and its findings of fact for clear error. *United States v. Phillips*, 431 F.3d 86, 89 (2d Cir. 2005).

### A.      December 2008 State Sentence

Pursuant to U.S.S.G. § 4A1.1(a), a defendant is assigned three criminal history points for each "prior sentence of imprisonment exceeding one year and one month." A "prior sentence" is "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere*, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). The Application Notes to § 4A1.2 explain that

> "[p]rior sentence" means a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense. *See* 4A1.2(a). A sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than the conduct that was part of the instant offense. Conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of § 1B1.3 (Relevant Conduct).

U.S.S.G. § 4A1.2 Application Note 1. Section 1B1.3(a) notes that relevant conduct is "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G § 1B1.3(a)(1)(A).

4

Slutzkin argues that the attempted assault and pistol permit state sentences are for conduct that is "part of" the instant federal drug offense and therefore do not constitute prior sentences for purposes of U.S.S.G. § 4A1.1(a). Slutzkin is correct that his offense level for the instant offense was enhanced pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of the same Glock .357 that formed the basis for his Connecticut pistol permit conviction and sentence. But even if the two year state sentence for possession of a pistol without a permit cannot be said to be a "prior sentence" pursuant to U.S.S.G. § 4A1.2(a)(1), the two counts of attempted assault following the road rage incident are unrelated to the instant federal offense and cannot be considered "relevant conduct." The sentences for attempted assault therefore may properly be allocated three criminal history points as a prior sentence. Since the allocation of three criminal history points would have been proper on the basis of the prior state assault sentences alone, any error in the district court's Guidelines calculation in this respect was harmless. *See United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009) (applying harmless error standard to Guidelines calculation challenge).

## B. Commission of the Instant Offense While on Probation

As a result of an April 25, 2003 conviction in Connecticut Superior Court, Slutzkin was sentenced to, *inter alia*, five years of probation, which was scheduled to expire on April 24, 2008. On the morning of November 2, 2007, for conduct unrelated to the instant case, Slutzkin's probation was revoked. Slutzkin contends that because his probation was revoked prior to the seizure of the cocaine base that forms the basis for the instant offense, the district court erroneously added two criminal history points pursuant to U.S.S.G. § 4A1.1(d). Slutzkin is incorrect.

Section 4A1.1(d) provides for the addition of two criminal history points "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d). The

Application Notes to this section explain that "[t]wo points are added if the defendant committed any part of the instant offense (*i.e.*, any relevant conduct) while under any criminal justice sentence." U.S.S.G. § 4A1.1(d), Application Note 4. Section 1B1.3(a) explains that relevant conduct is "all acts and omissions" that "were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G § 1B1.3(a)(1)(A), (a)(2). "Acts may be found to be part of the 'same course of conduct' if the defendant engaged in a repeated pattern of similar criminal acts, even if they were not performed pursuant to a single scheme or plan." *United States v. Thomas*, 54 F.3d 73, 84 (2d Cir. 1995); *see also United States v. Brennan*, 395 F.3d 59, 70 (2d Cir. 2005).

The PSR—the findings of fact of which the district court adopted, *see United States v. Garcia*, 413 F.3d 201, 220 n.15 (2d Cir. 2005) (noting that sentencing judges are entitled to find all of the facts relevant to determination of a sentence by a preponderance of the evidence), and to which Slutzkin did not object—described Slutzkin's involvement in drugs-for-guns transactions with Thomas Farruggio dating back to August 2007. In these transactions, Slutzkin, on multiple occasions, exchanged cocaine for handguns. This pre-November 2, 2007 conduct was part of the "same course of conduct" as the conduct for which Slutzkin was convicted in the instant case and, therefore, is relevant conduct that was committed while he was under a criminal justice sentence. It was therefore not error for the district court to add two criminal history points pursuant to U.S.S.G. § 4A1.1(d).

### C.    Imposition of a Consecutive Sentence

Slutzkin, pointing to U.S.S.G. § 5G1.3(b), argues that it was error for the district court to impose his instant sentence to run consecutively instead of concurrently to his state sentence. This Court reviews *de novo* a district court's determination whether to apply subsection (a), (b), or (c) of U.S.S.G. § 5G1.3. *Brennan*, 395 F.3d at 66. However, once the district court determines that §

5G1.3(c) applies, "a district court's sentencing decisions under § 5G1.3(c) will not be overturned absent an abuse of discretion." *Id.* Slutzkin did not object at sentencing to the court's imposition of a consecutive sentence and, therefore, we will review his argument on appeal for plain error only. *United States v. Walker*, 142 F.3d 103, 115 (2d Cir. 1998). We determine that there was no error here, plain or otherwise.

Section 5G1.3(b) instructs a district court to impose a concurrent sentence if

> a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments).

U.S.S.G. § 5G1.3(b). Application Note 2, "Application of Subsection (b)," explains that "[c]ases in which only part of the prior offense is relevant conduct to the instant offense are covered under subsection (c)." *Id.* § 5G1.3(c), Application Note 2. Pursuant to subsection (c) of U.S.S.G. § 5G1.3, "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." *Id.* § 5G1.3(c).

Here, even if the Glock .357 for which Slutzkin received an increase in his base offense level pursuant to U.S.S.G. § 2D1.1(b)(2) and that formed the basis for his two-year state pistol permit sentence is "relevant conduct" to the instant offense, Slutzkin was also sentenced in state court for two counts of attempted assault, each for ten years' imprisonment, to run concurrently with the pistol permit sentence. These two attempted assault convictions were neither "relevant conduct" to the instant federal offense nor were they a "basis for an increase in the offense level" of the federal offense. Thus, at most, "only part of the prior offense is relevant conduct" and Slutzkin was, therefore, properly sentenced under subsection (c) of § 5G1.3. Moreover, the district court did not

abuse its discretion in deciding to impose a consecutive, rather than concurrent, sentence under U.S.S.G. § 5G1.3(c). It is clear from the record that the district court was aware of its obligations under the Sentencing Guidelines and decided on the imposition of a consecutive sentence after consideration of the appropriate factors. *See United States v. Velasquez*, 136 F.3d 921, 924 (2d Cir. 1998) ("Nothing in the language of [§ 5G1.3] or its Commentary requires district courts to make specific findings with respect to any or all of the factors listed in the Commentary . . . ."); *see also United States v. Fleming*, 397 F.3d 95, 100 (2d Cir. 2005) (noting that absent evidence to the contrary, this Court will presume that a sentencing judge gave consideration to requisite sentencing factors).

We have considered the rest of Slutzkin's arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk