11-604-cr
United States v. Jiang

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of June, two thousand twelve.

PRESENT:

> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
> *Appellee*,

> -v.-                                                                       No. 11-604-cr

JUJU JIANG,
> *Defendant-Appellant.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLEE:**                         JOHN P. NOWAK, Assistant United States
                                          Attorney (Susan Corkery, Assistant United
                                          States Attorney, *of counsel*), *for* Loretta E.
                                          Lynch, United States Attorney for the Eastern
                                          District of New York, Brooklyn, NY.

**FOR DEFENDANT-APPELLANT:**              FRANK H. LANGROCK (Peter F. Langrock, *on
                                          the brief*), Langrock Sperry & Wool, LLP,
                                          Middlebury, VT.

Appeal from a judgment of conviction of the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *Judge*) entered December 10, 2010.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant Juju Jiang appeals a judgment of conviction entered on December 10, 2010, following his guilty plea, of one count of mail fraud in violation of 18 U.S.C. § 1341.

We assume the parties' familiarity with the factual history and proceedings below. Briefly, the District Court sentenced Jiang to 41 months' imprisonment, ordered that Jiang's sentence should run concurrent with a sentence imposed on Jiang in Queens County Criminal Court, and determined that Jiang's sentence should not be adjusted to account for the period of incarceration that Jiang had already served in connection with the sentence in Queens County Criminal Court. On appeal, Jiang argues that the District Court abused its discretion by failing to adjust his sentence pursuant to U.S.S.G. § 5G1.3(b)(1) for undischarged time on a related state sentence.

We review *de novo* a district court's legal determination of whether Section 5G1.3 is applicable, *United States v. Brennan*, 395 F.3d 59, 66 (2d Cir. 2005), and its findings of fact in support of that determination for clear error, *see United States v. Velasquez*, 136 F.3d 921, 923 (2d Cir. 1998). We will not disturb a district court's sentencing decision under § 5G1.3 absent an "abuse of discretion." *See Brennan*, 395 F.3d at 66; *see also Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining the term of art "abuse of discretion").

Following this review, we conclude that the District Court did not "abuse its discretion" in sentencing Jiang to 41 months' imprisonment. Section 5G1.3(b) applies only if "a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction . . . and that was the basis for an increase in the offense level for the instant offense." U.S.S.G. § 5G1.3(b). Jiang's Queens conviction did not form the basis for the increase in his Guidelines offense level for the instant offense that is the subject of this appeal and, as a result, U.S.S.G. § 5G1.3(b) did not apply. The District Court was free to exercise its discretion under U.S.S.G. § 5G1.3(c) in fashioning a partially concurrent sentence.

Moreover, even if Jiang's Queens conviction were considered an undischarged sentence under § 5G1.3(b), the District Court was justified in exercising its discretion not to adjust Jiang's sentence to account for the time Jiang had already served in connection with the Queens conviction. *See United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008).

2

### *CONCLUSION*

We have considered all of Jiang's arguments on appeal and find them to be without merit. For the reasons stated above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk