12-3301-cr
*United States v. Ferguson*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 6ᵗʰ day of November, two thousand fourteen.

Present:     ROBERT A. KATZMANN,
                    *Chief Judge*,
             PETER W. HALL,
             SUSAN L. CARNEY,
                    *Circuit Judges.*

---

UNITED STATES OF AMERICA,

        *Appellee*,

        - v -                                   No. 12-3301-cr

DWAYNE FERGUSON,

        *Defendant-Appellant.*

---

For Defendant-Appellant:        ANDREW M. ST. LAURENT, Harris, O'Brien, St. Laurent & Houghteling LLP, New York, NY

For Appellee:                   MONICA J. RICHARDS, Assistant U.S. Attorney, *for* William J. Hochul, United States Attorney for the Western District of New York, Buffalo, NY

Appeal from the United States District Court for the Western District of New York (Skretny, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant–Appellant Dwayne Ferguson appeals from a judgment of conviction and sentence entered on August 5, 2012, by the U.S. District Court for the Western District of New York (Skretny, *J.*), after Ferguson pleaded guilty to one count of wire fraud in violation of 18 U.S.C. § 1343. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

On appeal, Ferguson challenges the reasonableness of the district court's decision to impose a sentence that ran consecutively, as opposed to concurrently, to his undischarged state sentence.[1] We review a district court's sentencing decision for reasonableness under an abuse-of-discretion standard, which requires us to "first ensure that the district court committed no significant procedural error . . . [and] then consider the substantive reasonableness of the sentence imposed . . . ." *Gall v. United States*, 552 U.S. 38, 51 (2007). "A district court commits procedural error where it fails to calculate the Guidelines range . . . , makes a mistake in its Guidelines calculation, . . . treats the Guidelines as mandatory[,] . . . does not consider the [18 U.S.C.] § 3553(a) factors, . . . rests its sentence on a clearly erroneous finding of fact[,] . . . [or] fails adequately to explain its chosen sentence . . . ." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc) (citations omitted).

---

[1] The multiple other challenges raised in Ferguson's opening brief have either been dismissed, 12-3301, Dkt. 80 (Mar. 28, 2014), or conceded, Def.'s Reply Br. 7 n.3.

Ferguson argues that the district court committed procedural error in failing to address the weight ascribed to his undischarged state sentence. He acknowledges that the district court explained its reasons for determining the length of the sentence, but argues that this explanation was inadequate because the district court "did not engage in any discussion or analysis of the decision to impose a sentence consecutive to the previously imposed New York state sentence." Def.'s Reply Br. 8. However, this argument is clearly foreclosed by *United States v. Velasquez*, 136 F.3d 921(2d Cir. 1998), in which we held that "there is no requirement for district court judges to make individualized findings with respect to the application of § 5G1.3(c)." *Id*. at 924. Rather, it is sufficient if the district court considered the undischarged sentence "consistent with the factors outlined in 18 U.S.C. § 3553(a)," *United States v. Coppola*, 671 F.3d 220, 252 (2d Cir. 2012); *see also Velasquez*, 136 F.3d at 923–25, and the record here indicates that it did. Furthermore, "the law in this circuit is well established that, in the absence of record evidence suggesting otherwise, we presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors," *United States v. Verkhoglyad*, 516 F.3d 122, 129 (2d Cir. 2008) (internal quotation marks omitted), and Ferguson points to no such record evidence here. Accordingly, we find no procedural error in the imposition of his sentence.

Ferguson also challenges the substantive reasonableness of the district court's decision. He acknowledges that the district court had discretion to impose a sentence that would "run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c). A district court's discretionary decision to run sentences consecutively rather than concurrently "will not be overturned absent an abuse of discretion." *United States v. Livorsi*, 180 F.3d 76, 82 (2d Cir. 1999). The abuse-of-discretion standard is "akin" to our traditional review for

3

substantive reasonableness.  *United States v. Park*, 758 F.3d 193, 199(2d Cir. 2014) (per curiam).

Under that standard, "an appellate court may consider whether a factor relied on by a sentencing

court can bear the weight assigned to it."  *Cavera*, 550 F.3d at 191.  However, "we do not

consider what weight we would ourselves have given a particular factor.  Rather, we consider

whether the factor, as explained by the district court, can bear the weight assigned it under the

totality of circumstances in the case."  *Id*. (citation omitted).

On appeal, Ferguson argues that the district court abused its discretion in imposing the

sentence at issue here to run consecutively to his undischarged state sentence.  Relying on *United

States v. Heard*, 359 F.3d 544 (D.C. Cir. 2004), he argues that the "'fortuity of two separate

prosecutions'" resulted in a "'grossly increase[d]'" sentence.  Def.'s Br. 24 (quoting *Heard*, 359

F.3d at 550).  But the language from *Heard*, which was quoting *Witte v. United States*, 515 U.S.

389, 404-05 (1995), relates to § 5G1.3(b), which the parties agree does not apply to this case.

Thus, *Heard* is, on its face, distinguishable from the instant case.  Nor does the broader principle

articulated in *Heard* suggest that the district court abused its discretion.  In Ferguson's view, the

state and federal prosecutions involved many of the same elements and, therefore, it was as if

Ferguson had been prosecuted twice for the same conduct. But, aside from the fraud involving a

Nissan Maxima which had no impact on Ferguson's sentence of incarceration,[2] the federal and

state prosecutions are similar only insofar as they both involved defrauding companies that

provided credit to Ferguson.

---

[2] Indeed, the only real point of overlap is the inclusion of the fraud in obtaining a Nissan Maxima, which was the *actus reus* in the state case and relevant conduct for the purpose of the intended loss calculation in the federal case. However, the inclusion of the value of the Nissan Maxima in the intended loss amount had no actual impact on the Guidelines advisory range for Ferguson's sentence of incarceration.  The total intended loss amount was $1,091,807.20; because that amount was greater than $1,000,000, but less than $2,500,000, he was subject to a 16-level increase under U.S.S.G. § 2B1.1(b)(1)(I).  The loss value associated with the Nissan Maxima was only $34,049. Therefore, even without the Nissan Maxima, Ferguson would have been subject to the 16-level increase in his Guidelines offense level because the loss amount would still be greater than $1,000,000.

In any case, the district court explicitly considered the fact of Ferguson's undischarged state sentence but, very reasonably, explained that the multiple aggravating factors and "very, very substantial" losses, App'x 128, together with Ferguson's long history of similar criminal conduct, led it to believe that Ferguson had "a ways to go" in terms of rehabilitation and was "running out of room at the top of that criminal history category." App'x 29. Moreover, despite these negative factors, it imposed a below-Guidelines sentence, rendering its decision to run the federal sentence consecutively appear all the more reasonable. Thus, considering the totality of circumstances of the case, it is clear that this is not one of those "exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted).

We have considered Ferguson's remaining arguments and find them to be without merit. For the foregoing reasons, the district court's judgment is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK