**UNITED STATES of America,**
**Appellee,**

v.

**Paul ROSENBAUER, Defendant–**
**Appellant.**

**Docket No. 01–1276.**

United States Court of Appeals,
Second Circuit.

Oct. 9, 2002.

Michael A. Battle, United States Attorney for the Western District of New York;

Bradley E. Tyler, Assistant United States Attorney, of counsel, Rochester, NY, for Appellee.

Alexander Bunin, Federal Public Defender for the Northern District of New York & Vermont, Albany, NY, for Appellant.

Present CARDAMONE, MINER, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Western District of New York (Siragusa, J.), it is hereby

ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Defendant Paul Rosenbauer appeals from a judgment of the United States District Court for the Western District of New York (Siragusa, J.) finding him guilty of violating the terms and conditions of his supervised release on the basis of a conviction for attempted forgery, and sentencing him to the statutory maximum of 24 months' imprisonment. Rosenbauer claims that the district court denied him his right of allocution before it passed sentence, in violation of Fed.R.Crim.P. 32(c)(3).

Before imposing a sentence, a district court must "address the defendant personally and determine whether the defendant wishes to make a statement and to present any information in mitigation of the sentence." Fed.R.Crim.P. 32(c)(3)(C). This Court has held that the right to a sentencing allocution, though not a constitutional right, is an "absolute right" in the federal courts. *United States v. Li*, 115 F.3d 125, 133 (2d Cir.1997). Because Rosenbauer raised no objection during the sentencing hearing as to a deprivation of his right to

allocute, our review is limited to plain error under Fed.R.Crim.P. 52(b). "Relief under the plain error standard requires a 'clear' or 'obvious' error that affects substantial rights." *United States v. Boyd*, 222 F.3d 47, 49 (2d Cir.2000) (quotation marks omitted). For the following reasons, we find that the district court in the present case did not commit plain error.

The record indicates that the district judge initially neglected to give Rosenbauer the opportunity to speak before announcing his sentence. Then, after colloquy with counsel regarding various matters, the judge, evidently noticing his mistake, informed Rosenbauer that he wished to give him a "chance" to speak "about the sentence that I'm proposing." Toward the end of the hearing, the judge again asked Rosenbauer, "Is there anything you want to say to me?", whereupon Rosenbauer requested that he be incarcerated close to his home. This Court has held, on facts very similar to those in the present case, that "[b]y affording the defendant an opportunity to address the court and reconsidering the sentence just announced, the district judge cure[s] his earlier mistake and complie[s] fully with the requirements of Rule 32." *United States v. Margiotti*, 85 F.3d 100, 103 (2d Cir.1996).

Rosenbauer contends that he was not given a fair opportunity to speak and that, after he did speak, the district judge did not make it clear that he was willing to reconsider the sentence he had earlier announced. We disagree. Like the defendant in *Margiotti*, Rosenbauer was clearly given an opportunity to speak before the district court made a final determination of his sentence. Moreover, the court in the present case hastened to stress that the sentence it had initially announced was one that it had "indicated" and "propos[ed]."

608

It is clear from the record that the court's preliminary sentencing determination did not foreclose its willingness to modify the sentence in the light of anything Rosenbauer might have had to say. For example, after listening to Rosenbauer's request to be placed in a facility near his home, the court indicated its flexibility by stating that "while the sentence stands at two years, I am going to recommend that you be placed ... in a Bureau of Prisons facility as close to your home as possible." Thus, as in *Margiotti*, "it is fair to say that the sentence was not imposed until after the defendant had spoken." *Id.*

We therefore hold that the district court complied with the requirements of Rule 32(c)(3) when it allowed Rosenbauer to make a statement concerning the court's initially "propos[ed]" or "indicated" sentence. "Rule 32(c)(3)(C) does not purport to set out a script that the district court must follow when advising defendants of their right to allocution." *United States v. Williams*, 258 F.3d 669, 674 (7th Cir.2001). Where "the technical violation of an applicable rule was promptly corrected and caused no harm, it cannot be said that there was a denial of justice." *Margiotti*, 85 F.3d at 103.

We have considered Rosenbauer's other arguments and find them to be without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.