**UNITED STATES of America,
Appellee,**

v.

**Rohan JOHNSON, Defendant–
Appellant.**

**No. 07–3005–cr.**

United States Court of Appeals,
Second Circuit.

Sept. 18, 2008.

**60**

Jane Simkin Smith, Millbrook, NY, for Appellant.

Sylvia S. Shweder, Assistant United States Attorney (United States Attorney Benton J. Campbell, and Assistant United States Attorney Emily Berger, on the brief), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, ROBERT A. KATZMANN, Circuit Judges and EDWARD R. KORMAN, District Judge.[1]

### SUMMARY ORDER

Defendant Rohan Johnson appeals from a July 9, 2007 judgment of the District Court convicting him, after a plea of guilty, of one count of conspiracy to convert and convey property of the United States without authority, in violation of 18 U.S.C. § 371, two counts of unlawful conversion of United States property, in violation of 18 U.S.C. § 641, and one count of mail fraud conspiracy, in violation of 18 U.S.C. § 1349, and sentencing him to concurrent terms of 46 months' imprisonment on each count, followed by a term of three years' supervised release, restitution of $116,500, and a special assessment of $400. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Defendant offers two principal arguments on appeal. First, he argues that the District Court erred in failing to advise him on the record that he was subject to a restitution penalty. *See* Fed.R.Crim.P. 11(b)(1)(K) (requiring a district court to "inform the defendant of, and determine that the defendant understands, . . . the court's authority to order restitution.").

1. The Hon. Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

Second, defendant argues that the District Court miscalculated the appropriate offense level under the United States Sentencing Guidelines ("Guidelines") because the Court included acts in the conspiracy that were not completed. We review the District Court's conduct for plain error because these arguments were not made below. *See United States v. Vaval,* 404 F.3d 144, 151 and n. 3 (2d Cir.2005) (holding that under plain error review "a defendant must establish that the violation affected substantial rights and that there is a reasonable probability that, but for the error, he would not have entered the plea" (internal quotation marks omitted)); *United States v. Margiotti,* 85 F.3d 100, 104 (2d Cir.1996) (holding that a sentence will be affirmed under plain error review unless the case presents "novel or complex sentencing issues" or results in "manifest injustice").

■ Although the District Court did not inform defendant about the restitution penalty prior to accepting his guilty plea, we cannot conclude with a reasonable degree of probability that further instruction would have changed defendant's plea. Defendant reviewed a proposed plea agreement, which included a proposal for restitution, prior to pleading guilty. (Transcript of Proceedings, February 23, 2007, at 5.) Prior to sentencing, defendant reviewed the Pre–Sentence Report ("PSR"), which also discussed restitution. (Transcript of Sentencing Proceedings, July 6, 2007, at 4–5.) These documents indicate that defendant was aware of restitution as a possible penalty, yet he did not object to restitution at sentencing and never attempted to withdraw his guilty plea prior to his appeal. *See Vaval,* 404 F.3d at 152 (considering the PSR, lack of objections, and failure to withdraw plea as factors in upholding plea under plain error review despite the sentencing court's fail-

ure to inform defendant of restitution penalty). In addition, the District Court advised defendant prior to accepting the guilty plea that he faced fines of up to $250,000 on each count. *See id.* (citing *United States v. Molzen,* 382 F.3d 805, 807 (8th Cir.2004) (holding that there was no plain error where appellant was not advised in plea colloquy that he might have to pay $10,000 in restitution but was advised that he might be fined up to $2,000,000)). Moreover, defendant argues that he was "under extraordinary pressure to plead guilty because the alternative was forced hospitalization for incompetence." This argument, if true, belies his assertion that he would not have pleaded guilty had he known about the restitution penalty. In light of the record before us, we cannot conclude that there is a reasonable probability that defendant would not have pleaded guilty if the District Court had informed him about the restitution penalty prior to accepting the plea.

■ Regarding the appropriate offense level for sentencing, defendant alleges that the District Court failed to consider whether he was entitled to a three-level reduction under section 2X1.1(b)(2) of the Guidelines. *See* U.S.S.G. § 2X1.1(b)(2) (providing a three-level reduction "unless the defendant or a co-conspirator completed all the acts the conspirators believed necessary on their part for the successful completion of the substantive offense"). However, the three-level reduction does not apply where, as here, defendant was convicted of both conspiracy and the underlying substantive offense. *See United States v. Reifler,* 446 F.3d 65, 105 (2d Cir.2006) (concluding that the district court properly rejected a request for a three-level decrease under U.S.S.G. § 2X1.1(b)(2) where defendants were "convicted of not only conspiracy but also several substantive offenses that were among the objectives of the conspiracy, including defrauding the DEA"). Defendant plead-

ed guilty to unlawful conversion—the crime underlying the conspiracy—and it is undisputed that he filed fraudulent deeds with the clerk's office for all the properties in question. Under these circumstances, the three-level reduction did not apply and the District Court properly calculated the offense level. We further note that the sentence imposed by the District Court falls within the Guidelines range indicated by defendant's proposed recalculation. Therefore, even if we were to agree with defendant that the District Court should have reduced the offense level, the current sentence would be presumptively reasonable. *See United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.2006) ("We recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances.").

We have reviewed all remaining claims, including those submitted by defendant himself alleging that this Court lacks jurisdiction, and find them to be without merit.

For the foregoing reasons, we **AFFIRM** the judgment of the District Court.