17-3670-cr
*United States v. Vazquez*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 12th day of September, two thousand nineteen.

Present:    ROBERT A. KATZMANN,
                    *Chief Judge*,
            JOHN M. WALKER, JR.,
            MICHAEL H. PARK,
                    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

            v.                                          No. 17-3670-cr

JUSTIN VAZQUEZ,

                    *Defendant-Appellant*.

_____

For Defendant-Appellant:         Mehmet K. Okay, The Okay Law Firm, Batavia, New York.

For Appellee:                    Katelyn M. Hartford, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Rochester, New York.

Appeal from a judgment of the United States District Court for the Western District of

New York (Geraci, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Justin Vazquez appeals from a judgment of the United States District Court for the Western District of New York (Geraci, *J.*) entered October 24, 2017, following a jury trial, sentencing him principally to 10 months' imprisonment, to run consecutively with an undischarged sentence of 72 months' imprisonment on an unrelated conviction. On appeal, Vazquez contends that this sentence is procedurally unreasonable because the district court did not consider all the factors it was required to consider in deciding whether to impose a consecutive or concurrent sentence. He also argues that the sentence is substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A district court's decision to impose a sentence concurrently or consecutively to an undischarged term of imprisonment is governed by 18 U.S.C. § 3584, which provides that "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively." 18 U.S.C. § 3584(a).[1] This section sets a "default rule" that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." *United States v. McIntosh*, 753 F.3d 388, 395 (2d Cir. 2014) (per curiam). "The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)." 18 U.S.C. § 3584(b). The Sentencing Guidelines also give district courts discretion to impose a sentence concurrently or consecutively to an undischarged term of imprisonment. *See* U.S.S.G. § 5G1.3(d). The commentary outlines factors a district court "should" consider in

---

[1] Unless otherwise indicated, case quotations omit all internal citations, alterations, and quotation marks.

determining whether a sentence "to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment . . . achieve[s] a reasonable incremental punishment for the instant offense." U.S.S.G. § 5G1.3, cmt. n.4(A).

This Court reviews a district court's sentencing decisions for reasonableness. *Gall v. United States*, 552 U.S. 38, 46 (2007); *United States v. Watkins*, 667 F.3d 254, 260 (2d Cir. 2012).[1] "Reasonableness review is similar to review for abuse of discretion and may require reversal when the district court's decision cannot be located within the range of permissible decisions or is based on a legal error or clearly erroneous factual finding." *United States v. Villafuerte*, 502 F.3d 204, 206 (2d Cir. 2007). "Procedural reasonableness concerns the procedures a district court employs in arriving at a sentence," while "[s]ubstantive reasonableness involves the length of the sentence imposed in light of the factors enumerated under 18 U.S.C. § 3553(a)." *Id.*

*First*, Vazquez argues the sentence is procedurally unreasonable because the district court did not make individualized findings for each factor it was required to consider.[2] As an initial matter, as Vazquez concedes, the district court was not required to consider the factors listed in the Sentencing Guidelines application note because that note is "advisory and not binding." *United States v. Margiotti*, 85 F.3d 100, 105 (2d Cir. 1996) (per curiam). By contrast, the district court *was* required to consider the factors outlined in § 3553(a), *see* 18 U.S.C. § 3584(b), but "[n]othing in the language of the guideline or its Commentary requires district courts to make specific findings with respect to any or all of the factors listed in the Commentary or § 3553(a)." *United States v. Velasquez*, 136 F.3d 921, 924 (2d Cir. 1998) (per curiam); *see also United States v. Pereira*, 465 F.3d 515, 523 (2d Cir. 2006) ("[A] sentencing judge's decision not to discuss

---

[2] The government argues that Vazquez's objection is subject to plain error review because he did not object below to the district court's alleged failure to consider all the statutory factors. We need not reach that issue since we would conclude that the district court's sentence is procedurally reasonable regardless of the standard of review.

3

explicitly the sentencing factors or not to review them in the exact language of the statute does not, without more, overcome the presumption that she took them all properly into account."). Rather, this Court "presume[s] that a sentencing judge has faithfully discharged her duty to consider the statutory factors." *United States v. Verkhoglyad*, 516 F.3d 122, 129 (2d Cir. 2008). Nothing in the record suggests that we should not apply this presumption here. *See United States v. Malki*, 609 F.3d 503, 512 (2d Cir. 2010) ("[I]n the absence of record evidence suggesting otherwise," "[w]e presume . . . that a sentencing judge has faithfully discharged his duty to consider the statutory factors enumerated in § 3553(a).").

In fact, the record supports the conclusion that the district court considered the § 3553(a) factors, which include "the nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence imposed to provide "just punishment" and to "afford adequate deterrence to criminal conduct," and the guidelines range. 18 U.S.C. § 3553. The district court was "mindful of the jury trial that it presided over in which the defendant was in possession of a firearm after being convicted of a felony and holding his mother and siblings at gunpoint for quite a period of time." App. 299. The court noted that it had sentenced Vazquez to 72 months' imprisonment on that conviction. The district court considered "the nature and seriousness of the [instant] offense," which, in its view, "show[ed] total disrespect to the court proceedings." App. 298. The district court stated that Vazquez has "quite a criminal history here, primarily involved with harassments and criminal contempt," App. 299, while also recognizing that Vazquez "has been diagnosed with some mental health issues" and "had quite a troubled upbringing." App. 297-98. Finally, the district court described its sentence as one that would "deter the defendant and others from engaging in this type of activity in the future, but . . . not greater than necessary to accomplish all those purposes." App. 299. These remarks reflect consideration of the Section 3553(a) factors.

4

*Second*, Vazquez appears to raise a substantive unreasonableness challenge, arguing that a concurrent, or partially concurrent, sentence would have been "more consistent" with the sentencing objectives set forth in 18 U.S.C. § 3553(a)(2). This Court's "review of a sentence for substantive reasonableness is particularly deferential." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). Vazquez's sentence is below the Guidelines range of 12 to 18 months' imprisonment that, by "default," runs consecutive to any term of imprisonment imposed at a different time. *McIntosh*, 753 F.3d at 395. While there is no presumption that a within-Guidelines sentence is substantively reasonable, a sentence is substantively unreasonable "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions," and "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Wagner-Dano*, 679 F.3d 83, 95 (2d Cir. 2012). Moreover, "it is difficult to find that a below-Guidelines sentence is substantively unreasonable." *United States v. Rivernider*, 828 F.3d 91, 111 (2d Cir. 2016). The district court's sentence is well within the range of permissible decisions. The nature and circumstances of the offense, as well as Vazquez's criminal history, supported the district court's decision to impose a below-Guidelines sentence consecutive to Vazquez's undischarged sentence.

We have considered all of Vazquez's remaining contentions and have found in them no basis for reversal. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5