**REGENTS OF THE UNIVERSITY OF CALIFORNIA, on Behalf of Its Participating Plaintiff-Hospitals, et al., Appellants**

**California Pacific Medical Center-Davies Campus, et al., Appellees**

v.

**Thomas E. PRICE, Secretary, Department of Health and Human Services, Appellee**

**No. 16-5098 September Term, 2016**

United States Court of Appeals, District of Columbia Circuit.

Filed on: March 2, 2017

Jordan B. Keville, Esquire, Attorney, John R. Hellow, Hooper, Lundy & Bookman, PC, Los Angeles, CA, Kelly Anne Carroll, Attorney, James Frederick Segroves, Attorney, Hooper, Lundy & Bookman, PC, Washington, DC, for Plaintiffs-Appellants

Jordan B. Keville, Esquire, Attorney, Hooper, Lundy & Bookman, PC, Los Angeles, CA, for Plaintiffs-Appellees

Jeffrey A. Clair, Esquire, Attorney, Benjamin Charles Mizer, Solicitor, U.S. Department of Justice, (DOJ) Office of the Attorney General, Washington, DC, Michael S. Raab, Attorney, U.S. Department of Justice, (DOJ) Civil Division, Appellate Staff, Washington, DC, for Defendant-Appellee

Angela M. Smith, Hall Render Killian Heath & Lyman, P.C., Indianapolis, IN, for Amicus Curiae for Appellant

Before: Kavanaugh, Circuit Judge, and Sentelle and Randolph, Senior Circuit Judges.

## JUDGMENT

Per Curiam

This case was considered on the record from the United States District Court for the District of Columbia and the briefs and arguments of the parties. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the district court's decision be affirmed for the reasons set forth in the memorandum filed simultaneously herewith.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc*. *See* Fed R. App. P. 41(b); D.C. Cir. R. 41.

## MEMORANDUM

Appellants Regents of the University of California et al. ("Hospitals") appeal the district court's decision on February 22, 2016, granting summary judgment in favor of Appellee Secretary of the Department of Health and Human Services ("Secretary") and denying Hospitals' cross-motion for summary judgment. *See Regents of the Univ. of Cal. v. Burwell*, 155 F.Supp.3d 31 (D.D.C. 2016). Hospitals challenge a rule the Secretary promulgated in 2005 as invalidly secondarily retroactive and argue further that the rule's application to affiliated hospitals was arbitrary and capricious because it was not applied uniformly.

Medicare reimburses many providers under an inpatient prospective payment system that annually determines the reimbursement amount for various services and treatments. *See* 42 U.S.C. § 1395ww (2016); *see generally Regents*, 155 F.Supp.3d 31. In setting these amounts, the Secretary uses a wage index that takes into account the wage costs hospitals incur in providing these services. A 1994 rule permits hospitals to use generally accepted accounting principles ("GAAP") to develop and report these wage-related costs. 59 Fed. Reg. 45,330, 45,357 (Sept. 1, 1994);

*see Regents*, 155 F.Supp.3d at 38. The costs relevant to this appeal are pension liabilities. Following a prior rule and manual revision touching on this issue, the Secretary promulgated a final rule in 2005 requiring that, despite GAAP's use of accrual accounting principles, hospitals only include pension costs that were timely liquidated in their wage-cost reports. 70 Fed. Reg. 47, 278, 47, 278 (Aug. 12, 2005) ("2005 Rule"). The Secretary explained that including pension liabilities that were not paid in a timely manner results in inconsistent data—an outcome that the timely liquidation requirement helps to avoid. *Id.* at 47,369. Hospitals challenged the 2005 Rule and its application. The district court granted summary judgment in favor of the Secretary.

This Court reviews a district court's grant of summary judgment *de novo*. *Grunewald v. Jarvis*, 776 F.3d 893, 898 (D.C. Cir. 2015). This Court "will affirm summary judgment for the agency unless it violated the Administrative Procedure Act by taking action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Dist. Hosp. Partners, L.P. v. Burwell*, 786 F.3d 46, 54 (D.C. Cir. 2015) (citation and internal quotation marks omitted). The arbitrary or capricious standard of review requires "that an agency 'examine the relevant data and articulate a satisfactory explanation for its action.'" *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 513, 129 S.Ct. 1800, 173 L.Ed.2d 738 (2009) (quoting *Motor Vehicle Mfs. Ass'n, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983)). Under this standard, agency explanations should reflect awareness of a shift when an action changes an agency's position or prior rules. *Id.* at 515, 129 S.Ct. 1800. Finally, a secondarily retroactive rule, that is, a rule "that merely 'upsets expectations,'" is "invalid only if [it is] arbitrary and capri-

cious." *Nat'l Petrochem. & Refiners Ass'n v. EPA*, 630 F.3d 145, 159 (D.C. Cir. 2010) (citation omitted).

In the present case, the Secretary understood the shift involved in the adoption of this rule and discussed the evolution of the policy regarding GAAP and timely liquidation principles. *See* 70 Fed. Reg. at 47,369. The Secretary also specifically explained the issues with data distortion caused by including unfunded liabilities in wage costs. *See, e.g., id.* The present case reflects the Secretary's reasoned judgment and change of course in a notice-and-comment rulemaking; under the standard of review, "it suffices that the new policy is permissible under the statute, that there are good reasons for it, and that the agency *believes* it to be better, which the conscious change of course adequately indicates." *Fox*, 556 U.S. at 515, 129 S.Ct. 1800. The Secretary described the steps over time taken to arrive at the ultimate 2005 Rule and, while using iterations of the term "clarify" rather than "change," the rule substantially displayed an awareness that it was adapting to new realities and concerns arising with the data. For these reasons, the 2005 Rule was not arbitrary and capricious and thus is not impermissibly secondarily retroactive.

This Court also considered Hospitals' challenge regarding the inconsistent application of the 2005 Rule and determined that those arguments do not warrant separate discussion.

For the foregoing reasons, the judgment of the district court granting the Secretary's summary judgment motion and denying Hospitals' summary judgment motion is affirmed.