*United States v. Sommerville*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand twenty-four.

PRESENT:

JOHN M. WALKER, JR.,
SUSAN L. CARNEY,
STEVEN J. MENASHI,
   *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

  *Appellee,*

   v.           No. 22-981

TYREE SOMMERVILLE,

  *Defendant-Appellant.*

_____

FOR APPELLANT:     JEREMIAH DONOVAN, Law Offices of Jeremiah Donovan, Old Saybrook, CT.

FOR APPELLEE:     CHARLES KRULY (Tiffany H. Lee, *on the brief*), Assistant United States Attorneys, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Sinatra, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on May 2, 2022, is **AFFIRMED**.

Defendant-Appellant Tyree Sommerville was arrested in Buffalo, New York, on December 6, 2020, after fleeing a vehicle stopped for a traffic violation. The arresting officers found a loaded, semiautomatic pistol on his person. When arrested, Sommerville was on parole related to his 2014 state-court conviction for criminal possession of a weapon in the second degree. His arrest triggered two separate criminal proceedings. In state court, he was charged with and pleaded guilty to violating his parole, leading the state court to revoke his parole and to order him to serve the remainder of his 2014 sentence in state custody. And in federal court, he was charged with and pleaded guilty to one count of violating the felon-in-possession statute, 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The United States District Court for the Western District of New York (Sinatra, *J.*) imposed an above-guidelines, 30-month sentence on Sommerville for the federal offense, and ordered that Sommerville serve that sentence consecutively to his state parole-revocation sentence.

On appeal, Sommerville challenges his federal sentence as both procedurally and substantively unreasonable. He maintains that Section 5G1.3(b) of the Sentencing Guidelines required the District Court to direct that his federal sentence run concurrently with his state sentence. He further contends that the District Court provided insufficient explanation for the sentence it imposed, and that the consecutive aspect of the sentence makes the overall sentence unconscionably high. He also argues that his trial counsel (who also filed his initial brief on appeal) was unconstitutionally ineffective. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

We review *de novo* a district court's legal determination regarding which sentencing guideline to apply. *United States v. Brennan*, 395 F.3d 59, 66 (2d Cir. 2005). If the district

court's legal determination was correct, we then review its application of that guideline for abuse of discretion. *Id.* Objections that are not raised below are reviewed for plain error. *United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008).

## I.    **Guidelines Selection**

Section 5G1.3 of the Sentencing Guidelines addresses how the sentencing court should proceed when a defendant to be federally sentenced is "subject to an undischarged term of imprisonment." U.S.S.G. § 5G1.3 (capitalization standardized). Subsection (b) of Section 5G1.3 ("the Guideline") provides that if the defendant's undischarged term of imprisonment "*resulted from* another offense that is *relevant conduct* to the instant offense," the new federal sentence "shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment." *Id.* §§ 5G1.3(b), (b)(2) (emphases added). Subsection (d) of the Guideline, on the other hand, directs that if Subsection (b) does not apply, the new sentence "may be imposed to run concurrently, partially concurrently, or consecutively . . . to achieve a reasonable punishment for the instant offense." *Id.* § 5G1.3(d).

Sommerville argues that his state parole-revocation sentence "resulted from" the same "offense" as his 2020 federal firearm possession crime, and that Subsection (b) therefore obligated the District Court to run his federal sentence concurrently with his state revocation sentence. *See id.* § 5G1.3(b). Our longstanding precedent, however, forecloses this argument. In *United States v. Garcia-Hernandez*, 237 F.3d 105 (2d Cir. 2000), we held that when a state term of imprisonment is imposed for conduct that led to revocation of a defendant's parole, the state term "result[s]" not from the conduct that constituted the parole violation but from the *original offense* for which the defendant was earlier sentenced and then released on parole. *Id.* at 107–08. "[T]he underlying state crime was the only criminal 'offense' that, by operation of law, 'resulted' in the additional period of imprisonment imposed for [the defendant's] violation of parole," we reasoned. *Id.* at 108.

Sommerville offers us no basis for deviating from the rule of *Garcia-Hernandez*. The Guideline has not been amended in any relevant way since then.[1] *See* U.S.S.G. § 5G1.3(b) (1995); *id.* (2016). And we are bound by our prior decisions "unless and until the precedents established therein are reversed *en banc* or by the Supreme Court." *Vincent v. Annucci*, 63 F.4th 145, 150 n.23 (2d Cir. 2023) (internal quotation marks omitted).

We conclude accordingly that Sommerville's state sentence "resulted from" his 2014 firearm possession and that, as he concedes, the 2014 offense was unrelated to his 2020 conviction for firearm possession and not "relevant conduct" under Subsection (b) of the Guideline. Sommerville Supp. Br. at 15; *cf. United States v. Ruffin*, 841 F. App'x 319, 321 (2d Cir. 2021) (treating prior state conviction as "relevant conduct" under Subsection (b) where state conviction was based in part on possession of same gun as the one at issue in the federal conviction). The District Court was therefore correct to sentence Sommerville in accordance with the discretionary language of Subsection (d).[2]

The District Court also correctly took into account Application Note 4(C), which recommends a consecutive sentence pursuant to Subsection (d) when "the defendant was on . . . parole . . . at the time of the instant offense and has had such . . . parole . . . revoked." U.S.S.G. § 5G1.3 comment, n.4(C). The District Court understood that it retained discretion to impose a consecutive or a concurrent sentence. *See* App'x at 108–09 (District Court

---

[1] The *Garcia-Hernandez* Court interpreted the 1995 version of the Sentencing Guidelines, which required a concurrent sentence if the defendant's "undischarged term of imprisonment resulted from offense(s) that ha[d] been fully taken into account in the determination of the offense level for the instant offense." U.S.S.G. § 5G1.3(b) (1995). In 2003, the Commission changed "offense(s) that ha[d] been fully taken into account" to "another offense that is relevant conduct . . . and that was the basis for an increase in the offense level for the instant offense." 68 F.R. 26960-01, 26975 (May 16, 2003). In doing so, it reaffirmed that the Commission "recommends a consecutive sentence" when a defendant's state parole has been revoked. *Id.* at 26977; *see also* U.S.S.G. § 5G1.3 comment, n.4 (1995) ("If the defendant was on . . . parole . . . at the time of the instant offense, and has had such . . . parole . . . revoked, the sentence for the instant offense should be imposed to run consecutively."); U.S.S.G. § 5G1.3 comment, n.4(C) (2016) ("[I]n cases in which the defendant was on . . . parole . . . at the time of the instant offense and has had such . . . parole . . . revoked . . . the Commission recommends that the sentence for the instant offense be imposed consecutively.").

[2] Because we conclude that Subsection (d) of the Guideline applied here, we need not decide whether the apparently mandatory language of Subsection (b) survives *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Lucas*, 745 F.3d 626, 628 n.2 (2d Cir. 2014) (reserving the same question).

agreeing that "application note [4(C)] … recommends that the sentence be run consecutively, not that the Court does not have discretion to run it concurrently or consecutively").

## II.     Procedural Reasonableness

Subsection (d) of the Guideline authorized the District Court to impose either a consecutive or concurrent sentence on Sommerville. Whichever its choice, however, the court was bound to explain its reasons. 18 U.S.C. § 3584(b) (requiring sentencing courts to consider the factors in 18 U.S.C. § 3553(a) when deciding whether to impose a consecutive sentence); *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020) ("A sentence is procedurally unreasonable if the district court . . . fails to consider the § 3553(a) factors . . . or fails adequately to explain the chosen sentence." (internal quotation marks omitted)). Sommerville argues that the District Court failed to fulfill this obligation. Because he did not preserve this challenge below, we review the District Court's ruling for plain error. *Verkhoglyad*, 516 F.3d at 128.

In explaining the 30-month, consecutive sentence that it imposed, the District Court recounted that "[o]ver the last seven years," Sommerville possessed "seven different handguns." App'x at 122. On one such occasion, a shooting was involved. The District Court also highlighted that Sommerville was fleeing as the police tried to arrest him in December 2020. It pointed out that his state parole had already been revoked several times. It noted further with concern that the "[Presentence Report] mention[ed] gang membership." *Id.* In light of this history, the District Court characterized Sommerville as "armed and dangerous." *Id.* The District Court also reminded those present that it had considered the Section 3553(a) factors and stated that it was imposing its sentence "mindful of the current state court incarceration[,] . . . [Sommerville's] personal history and characteristics, and . . . [his] upbringing." *Id.*

Under Circuit law, these statements provide a sufficient explanation for the District Court's sentencing decision, including for its consecutive imposition of the sentence. *See, e.g., United States v. Coppola*, 671 F.3d 220, 253 (2d Cir. 2012); *United States v. Johnson*, 681 F. App'x

52, 55 (2d Cir. 2017). Further, to fulfill its obligation to provide an explanation for its sentencing choice, the District Court need not "make specific findings with respect to any or all of the factors listed in the Commentary or § 3553(a)." *Brennan*, 395 F.3d at 69 (internal quotation marks omitted). Sommerville presents no evidence that would lead us to doubt that the District Court faithfully discharged its obligation. *Coppola*, 671 F.3d at 253 ("[I]n the absence of record evidence suggesting otherwise, we presume that the district court has faithfully discharged its duty to consider the § 3553(a) factors." (internal quotation marks omitted and alterations adopted)).

To the extent Sommerville argues that the District Court abused its discretion by failing to consider the factors listed in the application notes to the Guideline regarding consecutive and concurrent sentences, we are not persuaded. Application Note 4(A) recommends that sentencing judges consider factors such as the "length of the prior undischarged sentence" and "the time likely to be served before release" when deciding whether to impose a consecutive or concurrent sentence. U.S.S.G. § 5G1.3 comment, n.4(A)(ii–v). As Sommerville acknowledges, however, the comment's recommendation is advisory, and the absence of explicit consideration of those factors does not make the sentencing court's explanation procedurally inadequate. Sommerville Supp. Br. at 20 (citing *United States v. Margiotti*, 85 F.3d 100, 105 (2d Cir. 1996) (per curiam)).

Moreover, even assuming that the failure to consider advisory factors could constitute plain error, no such error occurred here. Sommerville's state sentence was described in the Presentence Report, and his counsel discussed Sommerville's expected release date at the sentencing hearing. App'x at 115–16. The record leaves no doubt that Judge Sinatra was aware of and considered both factors when setting Sommerville's sentence. *Id.* at 122 ("I have imposed a sentence mindful of the current state court incarceration . . . ").

We therefore reject Sommerville's procedural reasonableness argument.

6

## III. Substantive Reasonableness

Sommerville next argues that it was substantively unreasonable for the District Court to impose a consecutive sentence because doing so transformed his total term of incarceration from 30 months to approximately 46 months. Sommerville Br. at 20. This Court reviews the substantive reasonableness of a sentence for abuse of discretion, giving particular deference to the District Court's decision. *United States v. Park*, 758 F.3d 193, 199 (2d Cir. 2014) (per curiam). We will deem a sentence substantively unreasonable only in "exceptional cases," *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc): that is, only when it is "shockingly high, shockingly low, or otherwise unsupportable as a matter of law," *Park*, 758 F.3d at 200 (internal quotation marks omitted).

The sentencing transcript reflects that, in the circumstances presented by Sommerville and his record, the District Court considered an above-guidelines, 30-month sentence, running consecutive to the remainder of the state sentence, necessary to protect the public and to deter further crimes. *See* App'x at 121–23. To be sure, Sommerville will serve more time by virtue of the consecutive sentence than he would with a concurrent 30-month sentence. The sentence imposed and the circumstances of his crime and history are not, however, "exceptional" as required to support a rare finding of substantive unreasonableness. *Cavera*, 550 F.3d at 189.[3]

## IV. Ineffective Assistance of Counsel

After filing his opening brief on appeal with the assistance of his trial counsel, Sommerville raised an ineffective assistance claim regarding that counsel's representation in a letter to this Court. He requested that we appoint new counsel. *United States v. Sommerville*, 22-981 (2d Cir.), Dkt. 50. In response, trial counsel defended his performance in a strongly

---

[3] Sommerville's remaining challenges to his sentence also fail. Sommerville argues in his opening brief that "the district court should have categorically rejected the provisions of § 5G1.3[(d)] and related application notes" because they are "not empirically grounded," and create "arbitrary" "sentencing disparities." Sommerville Br. at 16, 18. His brief provides no support for these arguments, however. Sommerville also asserts that the District Court "r[a]n his federal sentence consecutive[ly] . . . in reliance on the illegitimate authority of application notes only." *Id.* at 17. In this, he is mistaken. As reviewed above, Subsection 5G1.3(d) explicitly authorized the District Court to impose a consecutive sentence, in its discretion.

worded, three-page letter. *Id.*, Dkt. 55. After reviewing these submissions, we granted Sommerville's request for new counsel and permitted him—through his new counsel—to file a supplemental brief on appeal. *Id.*, Dkt. 71, 75.

In that supplemental brief, Sommerville asserted that his prior counsel provided ineffective assistance in several respects: by, allegedly, incorrectly representing to Sommerville that he would receive a concurrent sentence; by mishandling the sequencing of his state and federal pleas; by failing to consult with Sommerville on important issues and not providing him a copy of his Presentence Report; and by failing to advocate for a lower sentence on the grounds of Sommerville's arduous, COVID-related conditions of confinement. Sommerville Supp. Br. at 22–23.

This Court has three procedural options available to it when a direct appeal raises an ineffective assistance claim not made in the district court: we may "(1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." *United States v. Tarbell*, 728 F.3d 122, 128 (2d Cir. 2013) (internal quotation marks omitted). The Supreme Court has advised that "'in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance,'" *id.* at 128–29 (quoting *Massaro v. United States*, 538 U.S. 500, 504 (2003)), and it is accordingly our Court's practice to entertain such claims in a Section 2255 proceeding, not on direct appeal, *see, e.g.*, *United States v. Gelzer*, 829 F. App'x 562, 567 (2d Cir. 2020).

In fact, Sommerville and the United States both request that we not decide the issue on direct appeal but rather allow Sommerville to raise his ineffective assistance claim by way of a Section 2255 petition. Sommerville Supp. Br. at 22–25; U.S. Supp. Br. at 10. We agree that it would be best to consider his ineffective assistance allegations on a more fully developed factual record. We therefore dismiss that claim now, without prejudice to his pursuing it later in a separate Section 2255 proceeding.

\* \* \*

8

For the reasons set forth above, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court